UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAUREN M. DIERS,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 3:21-cv-296

District Judge Michael J. Newman

---

**ORDER: (1) DENYING DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 47) AND CONFIRMING THAT TRIAL OF THIS CASE SHALL BEGIN ON FEBRUARY 3, 2025 AT 9:30 A.M.; (2) SETTING A FINAL PRETRIAL CONFERENCE ON JANUARY 27, 2025 AT 2:00 P.M. IN COURTROOM 4; (3) SETTING A MOTIONS *IN LIMINE* FILING SCHEDULE; (4) ORDERING THE PARTIES TO OTHERWISE COMPLY WITH THE CIVIL STANDING ORDER FOR ALL REMAINING DEADLINES; AND (5) SCHEDULING A MEDIATION CONFERENCE WITH MAGISTRATE JUDGE CAROLINE H. GENTRY FOR JANUARY 22, 2025 at 11:00 A.M.**

---

On May 6, 2019, Plaintiff Lauren M. Diers was involved in an automobile collision when another driver pulled from a stop sign into Plaintiff's path of travel. Doc. No. 3 at PageID 32. As a result of the automobile collision, Plaintiff allegedly sustained, among other injuries, a left wrist injury that required surgery. *Id.* at PageID 32-33. Plaintiff submitted claims for medical payment benefits and underinsured motorist coverage benefits to Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). *Id.* at PageID 33. After State Farm's investigation, it denied both claims. *Id.* at PageID 35-38. Plaintiff asserts in this case that State Farm denied her claims in bad faith.[1] *Id.* at PageID 40-41.

The case is before the Court upon State Farm's motion for summary judgment (Doc. No.

---

[1] All contractual claims have been settled by the parties. *See* Doc. No. 22. The parties' joint stipulation of partial dismissal leaves only the bad faith claims for disposition before the Court. *Id.*

47), Plaintiff's memorandum in opposition (Doc. No. 49), and State Farm's reply (Doc. No. 50). The Court has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(a). *See Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 146 n.4 (6th Cir. 2015).

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that no genuine issue of material fact is present, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party … may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted). "[T]here is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped

2

and for which courts generally are not." *Id.* at 406.

## II.

Upon review of State Farm's motion for summary judgment and the parties' related memoranda, and viewing the evidence in Plaintiff's favor, genuine issues of material fact exist concerning whether State Farm's denial of Plaintiff's claims for medical payments benefits and underinsured motorist benefits constituted bad faith. A genuine dispute exists over the adequacy of State Farm's investigation of Plaintiff's insurance claims, thus foreclosing summary judgment in State Farm's favor on the bad faith claim. *Cf. Blues to You, Inc. v. Auto-Owners Ins. Co.*, No. 1:21-cv-0165, 2021 WL 5396055, at *3 (N.D. Ohio Nov. 18, 2021) (genuine dispute of facts concerning whether insurer denied claim in an arbitrary and capricious manner barred summary judgment on the plaintiff's bad faith claim); *Watkins v. Allstate Vehicle and Prop. Ins. Co.*, No. L-19-1235, 2020 WL 3397803, at *12 (Ohio Ct. App. June 19, 2020) ("Summary judgment is appropriate only where the record is devoid of any evidence tending to show a lack of good faith on the part of Allstate" (cleaned up)); *Great W. Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955, 980 (S.D. Ohio 2009) ("Performing a cursory investigation and ignoring information that would tend to support the insured's claim can constitute bad faith." (cleaned up) (citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994)).

## III.

For the reasons stated herein, State Farm's motion for summary judgment is **DENIED**, and the Court **CONFIRMS** that trial of this case shall begin on **February 3, 2025 at 9:30 A.M. in Courtroom 4**. The Court **SCHEDULES** a Final Pretrial Conference on **January 27, 2025 at 2:00 P.M. in Courtroom 4**. Additionally, the Court **SETS** the motions *in limine* filing deadline for January 21, 2025. Memoranda in opposition to motions *in limine* shall be filed no later than January 24, 2025. The parties are **ORDERED** to otherwise comply with Judge Newman's Civil

Standing Order for all related deadlines, including submitting proposed jury instructions and proving exhibits to the Court before trial.

Lastly, because the procedural posture of this case has substantially changed since the parties last engaged in mediation, the Court **ORDERS** the parties and their counsel to **PARTICIPATE** in a mediation conference with Magistrate Judge Caroline H. Gentry on **January 22, 2025 at 11:00 A.M.**

**IT IS SO ORDERED.**

January 17, 2025                               s/*Michael J. Newman*
                                                              Hon. Michael J. Newman
                                                              United States District Judge